UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

UNITED STATES OF AMERICA,

        Plaintiff

vs.                                                        Case No. 2:13-cr-00006 JMS-CMM

CHAD P. KELLER,

        Defendant

**REPORT TO DISTRICT JUDGE**
**PROPOSED FINDINGS OF FACT AND**
**CONCLUSION OF LAW**

A hearing was convened in this matter on August 23, 2016, on a Petition for Warrant or Summons for Offender Under Supervision filed August 17, 2016 [Doc. 26]. A warrant was issued and the Court set this matter for an initial appearance. This matter was referred to the Magistrate Judge for hearing pursuant to 18 U.S.C. 3401(i) in an Entry and Order issued by The Hon. Jane Magnus Stinson, U. S. District Judge, on August 18, 2016 [Doc. 28]. The August 23, 2016, appearance constituted a hearing on the defendant's alleged violations of the terms and conditions of his sentence while on supervised release.

The Government appeared by Bradley Shepard, Assistant United States Attorney; the defendant, Chad P. Keller, appeared in person (in custody) and by counsel, John A. Kesler II. USPO appeared by Jennifer Considine.

The Government and defense counsel advised the Court that the parties had reached an agreement on admission of violations; however, there was no agreement with respect to

disposition. The Court advised the defendant of his constitutional rights and the burden of proof with respect to the alleged violations. The defendant answered preliminary questions to ascertain his ability to understand the proceedings. The defendant was provided a copy of the Petition and waived his right to a preliminary hearing. Witnesses were sworn and heard: Chad P. Keller and Jennifer Considine, U.S. Probation Officer.

The parties then proposed a resolution of the matter by which the Defendant admitted the violations set forth in the Petition followed by the Government and Defendant having the opportunity to present their respective viewpoints on a proposed disposition of the matter. Defendant advised that he had sufficient time to meet with counsel, to review the nature of the violations cited in the petition, and to consider whether to admit the violations. The Court reviewed with the Defendant each violation cited in the Petition. The Court finds that the defendant, after being placed under oath, and having had sufficient time to consult with counsel, made a knowing, intelligent and voluntary admission of all violations cited in the Petition.

The undersigned recommends to the Court adoption of the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. The defendant, Chad P. Keller, was sentenced on December 18, 2003, in the U. S. District Court for the Central District of Illinois on a charge of Conspiracy to Manufacture 50 Grams or more of Methamphetamine. The original sentence included 120 months of confinement and 60 months of supervised release. He was later transferred to the Southern District of Indiana for supervision on October 27, 2012 and officially accepted on March 1, 2013, by this Court's order [See Doc. 3].

2. While on supervised release, the defendant violated the terms of supervised release as follows:

    a. Failed to refrain from committing another federal, state or local crime;
    b. Failed to refrain from using alcohol or purchasing, possessing, using, distributing, or administering any controlled substance not prescribed by a physician;
    c. Failed to reside in a residential reentry center for a term of up to 120 days as ordered by the Court and abide by the rules and regulations of that facility; and
    d. Failed to refrain from unlawful use of a controlled substance.

3. The defendant was under supervision of the U.S. Probation Office in the Southern District of Indiana on August 17, 2016, the date on which the Petition was filed.

4. The defendant admitted these allegations in open court, under oath, and after the advice of counsel.

5. Keller's actions violated the following terms of supervised release from the original sentence or as amended by the Court during Keller's supervised release.

6. The Magistrate Judge makes the following observations for the benefit of the District Judge:

    The Government argued for a maximum term of imprisonment of 27 months without supervised release; defendant argued for supervised release with a mandatory and intensive drug treatment and anger management program.

    Chad Keller's first criminal charges occurred as a 14-year-old juvenile; he is now 40 years old. But for the nearly nine years he spent in the custody of the Bureau of Prisons, he has found himself in criminal activity or charges on a regular basis since age 14. It is clear beyond doubt that he has a drug addiction problem for which professional care is needed. The open question is whether or when he will seek that help.

    The record in this case is remarkable for the frequency and consistency of Keller's violations and for the abundant patience of probation officers and this Court as multiple parties attempted to re-direct his path. The August 16, 2016 report that produced the pending petition was the seventh non-compliance report since October 27, 2012. As noted by the supervising probation officer, "[T]he Court has given Mr. Keller numerous opportunities to modify his criminogenic behavior

through a variety of different therapeutic interventions and corrective measures. However, Mr. Keller has failed to take advantage of the many chances he has been given to reform his destructive behavior. It appears Mr. Keller has failed in his attempt to break his cycle of non-compliant behavior."

For his part, Keller explains that no one scheduled him for Alcoholics Anonymous or enrolled him in drug or alcohol treatment. Ignoring the critical aspect of his own motivation or initiative to seek such help, Keller states that he has had a rough time since exiting prison and has struggled "to deal with situations." He has an untreated drug problem. He has anger management issues that have not abated.

On the positive side, he did find work and is part of an apprenticeship program with the painters union in Indianapolis. He has taken courses at IV Tech. He married and undertook financial responsibility for a new wife and a stepchild. Yet, when anticipated seasonal layoffs occurred, he made poor choices. Without diminishing the importance of the first three cited violations, the allegations in No. 4 are the most troubling—testing positive for amphetamines in August 2015, May 2016, and again in August 2016. In the latter instance, he retracted his prior denial to the probation officer during the hearing. Despite financial stresses of home—inflicted by work layoff and a seriously ill spouse—Keller was purchasing and using drugs at various times in 2015 and 2016 (and perhaps at other times—we cannot know because he failed to report for drugs screens _eight_ times between October 2015 and April 2016). In short, Keller acknowledges the problem, but not the responsibility for its correction.

While renewed incarceration will take him out of an apprenticeship program and nullify any credits he has received toward advancement in his union position—something consequential and not lightly considered here—continued supervision, even with additional counseling or treatment, seems unlikely to alter a pattern of significant non-compliance while his supervisors and the Court extended every opportunity for him to correct course.

## **Conclusions of Law**

1. The Court finds by a preponderance of the evidence that the defendant violated the terms of supervised release on and after his release from the Bureau of Prisons and while under supervision of the U. S. Probation Office.

2. The violations noted in the Findings of Fact under 2 (a) through (c) are Grade C violations under §7B1.1(b), *United States Sentencing Guidelines* (Chapter 7, Violations of Probation and Supervised Release). The violation noted in Finding of Fact 2(d) is a Grade B

violation under §7B1.1(b), *United States Sentencing Guidelines* (Chapter 7, Violations of Probation and Supervised Release).

3. The defendant's criminal history under §7B1.4(a) is Category VI.

4. Based upon these conclusions, the sentencing options for this defendant include a range of imprisonment of 21 to 27 months based upon these findings and conclusions. *See,* §7B1.4.

5. Based upon these findings and conclusions, the Magistrate Judge recommends that the defendant be sentenced to a term of 27 months in the custody of the U.S. Bureau of Prisons. The Magistrate Judge further recommends that supervised release be voided from the defendant's original sentence and not extended at this juncture. The Magistrate Judge notes, with regret, that the Government concludes the defendant cannot conform his conduct to the expectations of supervised release, a conclusion not disputed by the Defendant. This recommendation is consistent with the Government's position at the hearing—and one the Magistrate Judge recommends be accepted and incorporated as the disposition of this matter. To the extent possible, however, the Magistrate Judge recommends that the Court's disposition include recommendations to the U.S. Bureau of Prisons to evaluate Keller for referral or admission to intensive treatment or counseling for both drug addiction and anger management.

6. In reaching these conclusions, the Court has considered the factors set forth in 18 U.S.C. 3553(a)(1) [nature and circumstances of the offense and the history and characteristics of the defendant, here, the multiple violations of the terms of supervised release], (a)(2)(B) [affording adequate deterrence to criminal conduct, here, consideration of the defendant's multiple violations and disregard of reasonable rules of supervised release], (a)(2)(c) [to protect the public from further crimes of the defendant], (a)(2)(D) [to provide the Defendant with needed

medical care or other correctional treatment], (a)(4), (a)(5) [not applicable here], (a)(6) [the need to avoid unwarranted sentence disparities among defendants with similar records], and (a)(7) [not applicable here].

## **Recommendation**

The undersigned recommends to the Court adoption of these Findings of Fact and Conclusions of Law and the revocation of the defendant's supervised release and the imposition of term of incarceration of 27 months.  Supervised release following incarceration is not recommended.

The defendant is ORDERED detained pending the District Court's consideration of this recommendation.

Dated:  September 7, 2016

Respectfully submitted,

_____
Craig M. McKee
United States Magistrate Judge

**Distribution to:**
Brad Shepard, U.S. Attorney's Office
John A. Kesler II
Jennifer Considine, U.S. Probation Office
Greg Snyder, U. S. Marshal's Office